# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PHILLIP DURAN, JR.,<br>Plaintiff,<br>v.<br>SOLORIO, *et al.*,<br>Defendants. | Case No. 1:26-cv-05756-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 14)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Richard Phillip Duran, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action was transferred to this Court on July 23, 2026. (ECF No. 11.)

On July 27, 2026, the Court screened Plaintiff's complaint and found that he stated a cognizable claim against Defendants Solorio, Figueroa, and Gonzalez for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other individual. (ECF No. 13.) The Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On August 7, 2026, Plaintiff notified the Court that he wished to proceed on the

cognizable claim against Defendants Solorio, Figueroa, and Gonzalez. (ECF No. 14.)

**II. Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**III. Plaintiff's Allegations**

Plaintiff is currently housed at California State Prison – LAC. The events in the complaint are alleged to have occurred while Plaintiff was housed at Valley State Prison in Chowchilla, California. Plaintiff names the following defendants: (1) Solorio, Correctional Officer; (2) Figueroa, Correctional Officer; (3) Gonzalez, Correctional Officer: and (4) "Other CO's," Correctional Officers. (ECF No. 1 at 2.)

Plaintiff asserts a claim for violations of the Eighth Amendment. Plaintiff alleges: On 4/24/25, in the D-facility dayroom, around 16-18 hours, Plaintiff was sick (throwing up) when

Correctional Officers Solorio and Duenas came in and Solorio stood Plaintiff up and tried talking to him, but Plaintiff could not respond due to being physically sick. "When more officers came in the room surrounded [Plaintiff] when without provocation CO's Solorio, Figueroa, Gonzalez, Velaso, Garcilazo, and Duenas became aggressive and slammed [Plaintiff], causing [his] left knee to break from the impact." (ECF No. 1 at 3.) Plaintiff felt extreme pain coming from his knee and he could not stand on his left leg. Plaintiff was taken to TTA then sent out to an outside hospital where it was determined that his knee was in fact broken. While all this took place, Lt. Juarez and Sgt. Quinonez stood and watched and failed to intervene.

As relief, Plaintiff seeks five million dollars.

## IV. Discussion

### A. Federal Rule of Civil Procedure 10

Plaintiff's complaint does not have a caption that contains the names of all of the defendants discussed in the body of the complaint, in violation of Federal Rule of Civil Procedure 10(a). *See* Fed. R. Civ. P. 10(a). Rule 10 of the Federal Rules of Civil Procedure requires, among other things, that a complaint (a) state the names of "all the parties" in the caption; and (b) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10.

In his complaint, Plaintiff discusses Correctional Officers Velaso, Garcilazo, and Duenas, along with Lt. Juarez and Sgt. Quinonez, but does not name these individuals as defendants in the caption or the section of the form complaint identifying "DEFENDANTS." (*See* ECF No. 1 at 2.) Plaintiff's reference to "Others Et. Al" or "Other CO's" is not sufficient.

### B. Eighth Amendment

#### 1. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must

provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construed, Plaintiff's complaint states a cognizable claim against Defendants Solorio, Figueroa, and Gonzalez for excessive force in violation of the Eighth Amendment.

Although Correctional Officers Velaso, Garcilazo, and Duenas also are alleged to have engaged in excessive force, Plaintiff does not name these individuals as defendants in the caption (or in the section of the form complaint labeled "DEFENDANTS") in violation of Rule 10.

**2. Failure to Intervene**

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). "[A] prison official can violate a prisoner's Eighth Amendment rights by failing to intervene."

*Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

Liberally construed, Plaintiff's complaint states a claim for failure to intervene in violation of the Eighth Amendment against Lt. Juarez and Sgt. Quinonez. However, Plaintiff fails to name these individuals as defendants in the caption of the complaint (or in the relevant section of the form complaint) in violation of Rule 10.

**V. Conclusion and Order**

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendant Solorio, Figueroa, and Gonzalez for excessive force in violation of the Eighth Amendment. However, Plaintiff's complaint fails to state any other cognizable claim for relief against any other individual.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed on January 30, 2026, against Defendants Solorio, Figueroa, and Gonzalez for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed.

***

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result

///

///

in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 11, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE